### CORNELIUS v. REISER.

*(City Court of New York, General Term.* October 6, 1890.)

PRINCIPAL AND AGENT—AUTHORITY OF AGENT.

> Where plaintiff washed defendant's towels under an employment by one assuming to act as defendant's agent, but whose authority he denied, defendant's liability depends on the authority of the alleged agent; and in an action for the services it is error to charge that the use of the towels made defendant liable.

Appeal from trial term.

Action by Jennie Cornelius against Jacob Reiser for washing towels. There was a verdict for plaintiff, and defendant appeals.

*Johnston & Johnston,* for appellant. *E. F. Stern,* for respondent.

PER CURIAM. The plaintiff sought to recover for washing towels for the defendant. It was not claimed that the plaintiff made any contract with the defendant personally, but it was insisted that the husband of the plaintiff, an employe of the defendant, was his agent, and that, acting under his agency, he employed the plaintiff. The defendant denied the authority asserted, and its existence was the main contention in the case. Instead of submitting this question to the jury, the trial judge told them in substance (1) that if the plaintiff did the washing she was entitled to recover, and (2) that if the defendant used the towels washed by the plaintiff the defendant was liable. The defendant excepted to the charge in both respects.

The trial judge erred, first, in not making the authority of the alleged agent the ground of liability, and, next, in charging that the use of the towels made the defendant liable. If the trial judge had instructed the jury that if the defendant used the towels, knowing that the plaintiff had washed them under an employment by one assuming to act as his agent, he might have ratified the employment and become liable, the second portion of the charge might have been justified. But the trial judge made no qualification, and, under the brief instructions given, the jury found for the plaintiff.

For these errors the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.